449 So.2d 1361 (1984)
STATE of Louisiana
v.
Lonnie E. MILLER.
No. 83 KA 0793.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied June 1, 1984.
*1362 William E. Woodward and William G. Carmichael, Asst. Dist. Attys., Clinton, for plaintiff-appellee.
Richard C. Howell, Clinton, for defendant-appellant.
Before COVINGTON, LOTTINGER and EDWARDS, JJ.
LOTTINGER, Judge.
Defendant, Lonnie Miller, was indicted for aggravated rape on July 4, 1982, in violation of La.R.S. 14:42. Defendant pled not guilty and, after a jury trial, was found guilty as charged. He was sentenced to imprisonment at hard labor for life without benefit of probation, parole or suspension of sentence. He appeals his conviction, alleging six assignments of error.

FACTS
On the evening of July 3, 1982, defendant Lonnie Miller, was introduced to the victim in a bar in Jackson, Louisiana. After playing shuffle board, dancing and drinking at this bar, defendant and this woman left to go to other bars outside Jackson. After stopping at a couple of bars they headed back to Jackson. The victim testified that she thought defendant was taking her to her aunt's house, where she was staying. Instead he drove to a secluded area and parked. She tried to get out of the car, but defendant pulled her hair and choked her. Defendant then went to the trunk, pulled out a cane knife about twenty inches long, and approached the passenger side of the car. The victim stated that defendant pulled her out of the car and forced her to get on the hood of the car. Then he ripped her shirt, took off her pants and started having oral sex with her. She testified he then had sexual intercourse. After completing the act, he drove her to his home and went inside, taking the victim's pants. While he was inside the house, the victim, wearing only her torn shirt, escaped. After taking a bicycle from a yard, she rode around trying to find her aunt's home. When she did get to the home, her aunt called the police and brought the woman to the hospital.
The coroner testified that he examined the victim and found no tears or lacerations to the vagina, nor any sperm present in the vagina. The acid phosphatase test, however, was positive, indicating there had been intercourse. The coroner did state that the intercourse could have occurred the previous day and still result in a positive test.
Defendant admitted parking in the area but testified that the woman consented to having oral sex. He stated he did not have sexual intercourse with her. He then drove to his home to get a shirt for her to wear, after the buttons came off her blouse while she was putting it back on. He testified that, on the way to his house, the victim asked him for a fifty dollar loan. She got angry when he refused to loan her the money. When they arrived at his house, defendant went inside alone. When he discovered the woman left the car, defendant assumed she walked to her aunt's home which was nearby.
On rebuttal, the victim testified she did not ask defendant for money, nor did she consent to or ask him to have sex with her.

ASSIGNMENT OF ERROR NUMBERS 1 AND 2
By these assignments, defendant argues that the trial court erred in denying his motions for new trial based on the ground that there was insufficient evidence to convict.
*1363 The applicable standard of review to an allegation of this nature is, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 at 320, 99 S.Ct. 2781 at 2789, 61 L.Ed.2d 560 (1979); State v. Rogers, 428 So.2d 932 (La.App. 1st Cir.1983).
The victim testified that defendant drove to the secluded area, pulled her out of the car while holding a knife and forced her to have intercourse. At trial she stated there was penetration during this act. The coroner testified that the victim's acid phosphatase test was positive, indicating that she had had intercourse up to forty-eight (48) hours before the test. Defendant contended that he did not have intercourse with the alleged victim and that she was lying about the incident because he refused to loan her fifty dollars. Also, defendant theorized that the victim had intercourse with another man, presumably the victim's live-in boyfriend, before he met her.
When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. Further, an appellate court will not reweigh credibility of witnesses under the Jackson v. Virginia standard. State v. Jacobs, 435 So.2d 1014, 1019 (La.App. 1st Cir.1983). Therefore, when the evidence is viewed in a light most favorable to the state, it is certainly reasonable that a rational juror could have concluded Miller was guilty of aggravated rape.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends the trial court erred in not permitting his witnesses to testify regarding the victim's past sexual activity and general reputation for chastity. He argues that this testimony was relevant to determine the possibility or probability that someone other than defendant had had sexual intercourse with the victim and that the probative value of the testimony outweighs the prejudicial impact. Additionally, he contends La.R.S. 15:483 and 498, the Louisiana Rape Shield Law, are unconstitutional as applied in this case, because they conflict with defendant's rights to present a defense and cross-examine witness.
Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim's relationship with the accused. La. R.S. 15:498. Defense counsel cites State v. Langendorfer, 389 So.2d 1271 (La.1980), as authority for allowing the testimony. In that case the coroner testified that he could not identify the sperm retrieved from the victim. Defendant admitted he intended to argue that the sperm might have come from the spouse. When the victim was questioned by the state about how long it had been since she had had sexual intercourse with her husband, defendant objected. The Supreme Court held that this testimony was proper to rebut the possibility that the sperm was from her husband.
In the case sub judice, the testimony was not regarding the victim's possible sexual relations with her boyfriend prior to the alleged rape; rather it was regarding her past sexual acts and general reputation for chastity. The trial judge did not abuse his wide discretion in determining that this testimony was irrelevant, and his ruling will not be overturned absent a clear abuse of that discretion. See, State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), cert. denied 433 So.2d 711 (La.1983).
Defendant also contends that the rape shield law, La.R.S. 15:498 is unconstitutional as applied in this case because it violates his right to make out a defense and confront witnesses.
Since defendant denied having sexual intercourse with the victim this testimony is not relevant to show her consent. Furthermore, since the testimony was not of the victim's sexual conduct which occurred near the time in question it was not relevant to show that the positive acid phosphatase test resulted from sexual intercourse *1364 with some other man. Defendant sought to introduce this evidence solely to impeach the credibility of the victim.
The mere fact that a prosecutrix is unchaste usually is not pertinent to the inquiry of whether the defendant forced her to engage in sexual intercourse. Chastity per se has little or no relevance as a factor in judging the "credibility" of the prosecutrix as a truthful witness, nor is this factor a reliable indication of a victim's motivation to "frame" the defendant. See, Note, Louisiana's Protection for Rape Victims: Too Much of a Good Thing? 40 La.L.Rev. 268 (1979).
The defendant has made no showing that the victim's reputation for chastity was of any particular relevance and necessary to insure a fair trial. See, State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983). There was no violation of defendant's rights by the exclusion of this essentially irrelevant testimony. State v. Dawson, 392 So.2d 445 (La.1980).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant contends the trial court erred in not permitting two of defendant's witnesses to testify that a man named Richard Stevens told them he was approached by the victim or her family and told that, if the victim was paid $1,000.00, she would not testify against defendant. Defense counsel stated at trial that Stevens was unable to be located for service of subpoena for trial. The trial court ruled that the witnesses' testimony would be hearsay and inadmissible.
The witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have. La.R.S. 15:463. Hearsay is an out-of-court statement introduced to prove the truth of its content and is inadmissible in criminal trials. La.R.S. 15:434; State v. Toomer, 395 So.2d 1320 (La.1981).
Defendant argues that, although this testimony would have been hearsay, it should have been admitted to give a "since (sic) of balance to the whole affair," to give credence to defendant's claim that the victim asked defendant for money the night of the alleged rape and to add perspective to the victim's story. It is clear that it is defendant's contention that the testimony would have helped his case. Defendant, however, does not cite an exception to the hearsay rule nor any other legal reason for admitting this testimony. The trial court did not err in prohibiting this hearsay testimony.
Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 5
Defendant contends the trial court erred in failing to grant a mistrial when the state brought two defense witnesses into the courtroom while still handcuffed, and then uncuffed them in the presence of the jury and the guard stood there ratcheting the cuffs.
The record indicates that these witnesses did not testify, nor did the jury know they were defense witnesses. Furthermore, as the trial judge stated, the jury did not even know the two men were connected with the present case. It is well settled that the record must clearly show that the occurrence complained of was prejudicial to the rights of the accused. State v. Clark, 340 So.2d 208 (La.1976), cert. denied 430 U.S. 936, 97 S.Ct. 1563, 51 L.Ed.2d 782 (1977). Under these circumstances, we do not find that the incident complained of prejudiced any rights of defendant.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 6
Defendant contends the trial court erred in overruling his objection to the cross-examination of defendant regarding prior convictions. Defendant argues the state unnecessarily went into the details of the prior convictions. Defendant also argues that evidence of other crimes was used as proof of his guilt and not to impeach his credibility.
*1365 In impeaching the credibility of a defense witness, the State may not only establish prior convictions of the witness but may also cross-examine him in order to show the true nature of the offense. State v. Jackson, 307 So.2d 604 (La.1975). This rule also applies to defendants who testify in their own behalf. The extent to which an inquiry into prior convictions is permitted depends on the facts of each case, the trial court having great discretion to control the length and depth of the examination. State v. Neslo, 433 So.2d 73 (La. 1983).
In the instant case, the nature and scope of the prosecutions' questioning concerning the details of defendant's prior convictions were well within allowable limits, and we cannot say the trial judge abused his discretion in overruling defendant's objection.
This assignment of error lacks merit.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.