ALFORD, Judge.
On September 6, 1983, defendant, Melvin Williams, was charged by bill of information with distribution of pentazocine in violation of La.R.S. 40:967A. His trial began on February 21, 1984. On the next day, the jury found him guilty of the crime as charged. The trial judge sentenced him to serve six years without benefit of probation, parole, or suspension of sentence. Defendant has appealed, alleging five (5) assignments of error, as follows:
1. The trial judge erred by applying La. Code Cr.Pro. art. 799.
2. The trial judge erred by denying a motion for mistrial due to lack of compliance with La.Code Cr.Pro. art. 768.
3. The trial judge erred by denying defendant’s motion for a mistrial.
4. The trial judge erred by not granting a defense motion for a post verdict judgment of acquittal.
5. The trial judge erred by imposing an excessive sentence and failing to comply with La.Code Cr.Pro. art. 894.1.
Around 11:30 a.m., on the 29th of March, 1983, Trooper Connie Wright was working undercover in the Parish of West Baton Rouge as a narcotics agent. She was approached by Leroy Franklin in the Crib Lounge in Port Allen. He asked her if she would like to purchase some preludin, an amphetamine. He did not have any to sell, but said he would take her to someone who dealt in preludin.
*445 While they were en route to defendant’s residence, Leroy noticed defendant and Wayne Dorsey walking down a street. Defendant did not have any preludin to sell. Trooper Wright testified that she then drove defendant, Leroy and Wayne across the river into the Parish of East Baton Rouge, where defendant went into a bank to withdraw money. After defendant got back into the ear, she drove, pursuant to defendant’s instructions, to Washington Street in Baton Rouge. Upon arriving, defendant got out of the car, disappeared for five minutes, came back to the car and, for twenty-five dollars, sold her two “sets” of pills, which contained one tablet of pentazo-cine.
ASSIGNMENT OF ERROR NO. 1:
Defendant argues the trial judge erred by overruling his objection to the court’s enforcement of Act 495 of 1983. Defendant claims that La.C.Cr.P. art. 799, as amended in 1983 under Act 495, is unconstitutional because the reduction of allowed peremptory challenges from twelve (12) to eight (8) deprived defendant of his right to a full and fair voir dire examination and his right to an impartial jury. In the alternative, if the constitutionality of La.C.Cr.P. art. 799 is upheld, defendant argues that the application of Act 495 of 1983 to his case is unconstitutional as an ex post facto law because the offense for which he was charged occurred prior to the effective date of the amendment.
The First Circuit has addressed these issues in State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984), and held that the 1983 amendment of La.C.Cr.P. art. 799 is constitutional[1], and that the applicability of the act is determined by the time when trial has commenced and not when an offense was committed.
Act 495 of 1983 became effective August 30, 1983. Defendant’s trial began on February 21, 1984, well after the effective date of Act 495. Consequently, its application is not ex post facto.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
Defendant argues that the trial judge erred in denying a motion for mistrial because the State failed to give defendant written notice of its intent to use an incul-patory statement made by defendant, as mandated in La.C.Cr.P. art. 768.
Trooper Wright, while describing the events before the transaction, testified that defendant, when asked if he were “holding” any preludes, said “no, (but) that he was on his way to pick up some sets across the river.” The State argues that the 768 notice applies only to statements made by defendant after the commission of the crime.
We agree with the State’s position. For purposes of La.C.Cr.P. art. 768, “the term ‘inculpatory statement’ refers to defendant’s out of court admission made after a crime has taken place which implicates defendant in its commission.” State v. Lewis, 416 So.2d 921, 924 (La.1982); see State v. Beridon, 449 So.2d 2 (La.App. 1st Cir.), writ denied, 452 So.2d 178 (La.1984).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3:
Defendant argues the trial judge erred in denying defendant’s motion for a mistrial on the basis of the State’s improper inquiry into a conviction of a defense witness. De *446 fendant claims this inquiry unfairly connects him with the witness, Leroy Franklin, because the conviction arises from the same series of events from which defendant was charged.
In impeaching the credibility of a defense witness, the State may establish prior convictions and may inquire into them on cross-examination in order to show the true nature of the offense. State v. Jackson, 307 So.2d 604 (La.1975); State v. Miller, 449 So.2d 1361 (La.App. 1st Cir.1984), writ denied, 450 So.2d 965 (La.1984). The trial judge has great discretion in the control of the length and depth of the examination. State v. Miller, supra. Based upon the record, we find no reason to dispute the discretion exercised by the trial judge in this matter. The State, in impeaching the credibility of Leroy Franklin, sought to show that his conviction was connected with his selling marijuana to Trooper Wright on March 29, 1983, just after defendant had been dropped off at Wayne Dorsey’s residence. The State wanted to show that this conviction may have colored the defense witness’ testimony in favor of defendant. There was no attempt to connect defendant’s alleged crime with the witness’s conviction, or the nature of his offense, because they were two separate transactions.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 4:
Defendant argues that the trial judge erred by not granting his post-verdict motion of acquittal.
The standard by which we review a trial judge’s denial of a post-verdict motion of acquittal is found in La.C.Cr.P. art. 821, which requires that the evidence adduced at trial be viewed in the light most favorable to the prosecution. The trial judge’s ruling will be upheld if we determine that any rational trier of fact (the jury) could have found that the essential elements of the crime of distribution of pentazocine were proven beyond a reasonable doubt. See, State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The determination of the case centered on the credibility of the witnesses. Trooper Wright testified that defendant sold her pentazocine. Defendant, Leroy Franklin and Wayne Dorsey testified that Trooper Wright’s testimony was untrue, that another man, whom none of them know, mysteriously walked up to the car and sold drugs to Trooper Wright. They claimed defendant rode with Trooper Wright to cash his income tax check in order to buy an automobile. The jury’s guilty verdict indicated that it accepted the testimony of Trooper Wright and rejected the testimony of defendant and his friends. Defendant claims the jury’s judgment of the credibility of the witnesses was not reasonable; consequently, the sufficiency of evidence needed for conviction was sorely lacking.
The resolution of conflicting testimony about factual matters is a matter of the weight of the evidence, not its sufficiency. The assessment of what weight to give evidence is a determination which rests on the sound discretion of the trier of fact, which, in this case, was the jury. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.), reversed in part on other grounds, 452 So.2d 1178 (1984). In the resolution of conflicting testimony, a jury may accept or reject, in whole or in part, the testimony of any witness. State v. Norman, supra. We will not disturb the jury’s evaluations of the conflicting testimony.
The testimony of Trooper Wright is sufficient to prove that defendant sold pentazocine to her. As a result, we find that any reasonable trier of fact could have found that the elements of the crime of distribution of pentazocine were proven beyond a reasonable doubt.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5:
Defendant argues that the trial judge erred by failing to comply with La.C.Cr.P. art. 894.1, and imposing an excessive sentence.
*447 The trial judge has wide discretion in determining a sentence within statutory-limits; and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The record reflects that the trial judge thoroughly examined both mitigating and aggravating circumstances peculiar to the defendant, and we find there was an adequate compliance with La.C.Cr.P. art. 894.1. The trial judge noted defendant’s social history, as well as his extensive criminal record, and determined that any lesser sentence than the one he was to impose would deprecate the seriousness of the crime.
Under La.R.S. 40:967(B)(2),[2] the sentence for a conviction of distribution of pentazocine cannot be less than four (4) years nor more than ten (10) years in prison, without benefit of parole, probation, or suspension of sentence. In addition, a fine may be imposed of not more than fifteen (15) thousand dollars. Defendant was sentenced to serve six (6) years. A sentence may still be considered excessive even if it is within the statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979), but we feel the sentence is not excessive in this case. There is no basis to support defendant’s bare assertions that the sentence imposed is a needless imposition of pain and suffering, and grossly out of proportion to the severity of the crime. See, State v. Telsee, 425 So.2d 1251 (La.1983).
We see no manifest abuse of discretion on the part of the trial judge, and, accordingly, find that this assignment of error has no merit.
AFFIRMED.

. Article 1, Section 17 of the Louisiana Constitution of 1974 grants criminal defendants the right to challenge jurors peremptorily, but it grants the state legislature the discretion to fix the number of the challenges.
Defendant, as the defendant in State v. Bennett, supra, cites Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) in support of his argument. Swain is not applicable. There, the U.S. Supreme Court discussed the nature and substance of a peremptory challenge, and the belief that no rules should be set down which would alter its nature or sustande. We believe that a reasonable lowering of the number of peremptory challenges allowed in a voir dire examination does not affect the nature or substance of a peremptory challenge. La.C.Cr.P. art. 799, as amended by Act 495 of 1983, is simply a procedural modification which the Louisiana Legislature has the right to make.

. We note that La.R.S. 40:967(B)(2) was amended by Act 1984, No. 667 as follows:
B. Penalties for violation of Subsection A. Except as provided in Subsection F hereof, any person who violates Subsection A with respect to:

(2) Pentazocine shall be sentenced to imprisonment at hard labor for not less than seven years nor more than ten years, without benefit of parole, probation, or suspension of sentence; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.