DOMENGEAUX, Judge.
The defendant, Gregory Garrett Broussard, was charged by bill of information with three counts of distribution of cocaine; a violation of La.R.S. 40:967. The defendant was found guilty as charged by a jury of twelve and sentenced to serve six and one-half years (6V2) at hard labor for each count, to run concurrently. The defendant has appealed his conviction and sentence based on four assignments of error. Assignment of Error No. 4 has not been briefed and is therefore, considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
FACTS
In the months of August and September, 1987, Terry Langley, a narcotics officer with the Iberia Parish Sheriff’s Office, was participating in an undercover narcotics operation in New Iberia. A confidential police informant advised Officer Langley that a certain McKinley Polk was selling cocaine. The informant introduced Officer Langley to Polk. When the subject of narcotics arose in a conversation, Polk advised Langley that an acquaintance possessed some cocaine which he would sell.
On August 25, 1987, Polk directed Langley to a house occupied by the defendant, Gregory Garrett Broussard. Polk, accompanied by Langley, knocked at the rear door of the residence and asked the defendant to sell one-half gram of cocaine. When the defendant asked Langley to identify himself Langley introduced himself as “Zeno”. The defendant entered his house and returned with a package which was handed to Polk who, in turn handed it to Langley. Langley then handed $65.00, the agreed to price, to Polk who paid the defendant. After the defendant admonished Polk for bringing strangers to his house, he shut the door. On two later occasions, Langley accompanied Polk to the defendant’s residence and purchased cocaine from the defendant. On these occasions, the defendant handed the package containing cocaine directly to Langley and accepted money from Langley.
ASSIGNMENT OF ERROR NO. 1
The defendant contends that his conviction should be reversed since one of the jurors was functionally illiterate and therefore not qualified to serve under La.C.Cr.P. art. 401.
Prior to voir dire, the Trial Judge addressed the jury pool and questioned the potential jurors, en masse, concerning the general qualifications set forth in La.C. Cr.P. art. 401 and specifically asked whether each juror could read, write and speak the English language. An individual who was eventually selected to serve on the jury did not respond that he was, in fact, illiterate. Apparently some time after the trial, the defense counsel learned of this juror’s illiteracy and moved for a new trial pursuant to La.C.Cr.P. art. 851(4). The *210 Trial Judge denied this motion and the defendant has appealed.
On motion of the defendant, a new trial shall be granted whenever the defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of a reasonable diligence, was not discovered prior to the verdict or judgment. La.C.Cr.P. art. 851(4). An accused must have been prejudiced by a juror’s inability to read or write the English language before he will be granted a mistrial. State v. Nicholas, 312 So.2d 856 (La.1975); State v. Murphy, 465 So.2d 811 (La.App. 2nd Cir.1985). Similarity, the granting of a new trial must rest upon a finding of prejudice to the accused. State v. Sharp, 338 So.2d 654 (La.1976).
In Nicholas, supra, and Murphy, supra, the defendants motioned for a new trial after it was learned that various jurors were illiterate. The motions were denied because the defendants had not been prejudiced by the jurors’ illiteracy since the written exhibits had been read to the jury and no written exhibits had been taken into the jury deliberation room. In this case, there were no written exhibits other than three “Request for Scientific Analysis” sheets required by the Acadiana Criminalis-tics Laboratory that was filled out by Terry Langley, the undercover officer who bought the cocaine. A small plastic packet containing cocaine was attached to each sheet. At the trial, Officer Langley identified his handwriting and testified as to what was written on the page. As in Nicholas, the illiterate juror heard this evidence when it was read at the trial. The defendant suffered no prejudice by this juror’s illiteracy. Hence, the Trial Judge committed no error in denying the defendant’s motion for a new trial.
ASSIGNMENT OF ERROR NO. 2
The defendant next contends that the State failed to prove each essential element of the crime beyond a reasonable doubt, in conflict with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] Initially, the defendant argues that since the undercover officer’s testimony regarding dogs in the defendant’s yard differed from the testimony of other witnesses, his testimony was not credible. The defendant also contends that the evidence did not conclusively establish that Polk, the man who accompanied the undercover officer, had not tampered with the evidence and thus, the chain of custody of the substance ultimately identified to be cocaine, is suspect.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Edwards, 400 So.2d 1370 (La.1981). To convict the defendant in the instant case, the prosecution must have established that the defendant knowingly or intentionally delivered or physically transferred cocaine. La.R.S. 40:961(9), (13). Additionally, the State must show that the defendant had knowledge of the contents of the package when it was transferred. State v. Cann, 494 So.2d 1263 (La.App. 2nd Cir.1986), writ denied, 501 So.2d 228 (La.1987).
Evidence of the transfer of cocaine consisted of the testimony of the undercover agent, Terry Langley, who, on three occasions obtained the substance from the defendant. The State also presented evidence of the packages’ chain of custody and the scientific analysis which determined that the substances were cocaine. *211 Additionally, an acquaintance of the defendant testified that he had been in the defendant’s residence when the defendant initially met with the undercover officer and Polk, although this witness did not observe the exchange. While the jury’s guilty verdicts indicate that the jury accepted the testimony of the undercover officer, the defendant asserts that Officer Langley was not credible because he testified that he saw no dogs in the defendant’s yard while another witness testified that the defendant had three dogs in his yard.
The assessment of what weight to be given to conflicting evidence is the determination which rests on the sound discretion of the trier of fact, which in this case, was the jury. State v. Klar, 400 So.2d 610 (La.1981); State v. Williams, 464 So.2d 443 (La.App. 1st Cir.1985). In the resolution of conflicting testimony, a juror may reject or accept, in whole or in part, the testimony of any witness. State v. Williams, supra. The jury’s acceptance of Officer Langley’s testimony is within their discretion and will not be disturbed on appeal.
The defendant also argues that the evidence failed to establish that the cocaine had not been tampered with by Polk. This argument has no merit. Officer Langley testified that he kept the purchased items on his person until after he had driven Polk home. When he was alone, Officer Langley locked the purchased items in his briefcase and, on the following day, turned them over to the crime lab. There is nothing in the record which supports or even suggests the defendant’s contention that Polk may have tampered with the cocaine in the brief period prior to his handing the item over to the undercover officer.
After viewing the evidence in a light most favorable to the prosecution, there was more than sufficient evidence to indicate that the defendant sold cocaine to Officer Langley. The State has satisfied the standard set forth in Jackson v. Virginia, supra.
ASSIGNMENT OF ERROR NO. 3
The defendant contends that the Trial Court failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1 and that his sentence is excessive, in violation of La. Const, art. 1, § 20.[2]
La.C.Cr.P. art. 894.1 lists guidelines that the Trial Court shall use in sentencing a convicted defendant with imprisonment, probation or suspension of sentence. Paragraph (C) requires the Trial Court to state for the record the considerations taken into account and the factual basis therefor in imposing a sentence. The sentencing Judge need not articulate every mitigating and aggravating circumstance; however, the record should reflect that the sentencing Judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987).
In his reasons for sentence, the Trial Judge found that the three factors of Article 894.1(A) necessitated the defendant’s incarceration; namely, that if placed on probation or given a suspended sentence the defendant was likely to commit another crime, the defendant was in need of correctional treatment that could be best provided by an institution, and that a lesser sentence would deprecate the seriousness of the crime. The Court also concluded that the defendant’s prior history of arrest and convictions and his character and attitude did not indicate that he would respond well to probationary treatment. We find that the Trial Judge’s reasons for sentencing adequately complied with Article 894.1.
The defendant also argues that his sentence is excessive. A sentence imposed by the Trial Court which falls within the statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 *212 So.2d 762 (La.1979). A sentence is deemed excessive if it (1) makes no measurable contribution to an acceptable penal goal and therefore is nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, supra; State v. Landry, 502 So. 2d 281 (La.App. 3rd Cir.), writ denied, 508 So.2d 63 (La.1987). The Trial Court is given wide discretion in imposing a sentence and sentences imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The defendant was sentenced to serve six and one-half years at hard labor on each count, to run concurrently. The range of the sentence to which the defendant could have been sentenced was not less than five years nor more than thirty years. The defendant’s sentence is at the lower end of this range and is supported by the record. It is not grossly out of proportion to the severity of the defendant’s actions. We do not find this sentence to be an abuse of the Trial Court’s wide discretion.
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.