462 So.2d 624 (1985)
STATE of Louisiana
v.
Samuel GENTRY.
No. 84-KK-1356.
Supreme Court of Louisiana.
January 14, 1985.
*625 James F. Quaid, Gretna, for defendant-applicant.
John Mamoulides, Dist. Atty., Louise Korns, Asst. Dist. Atty., William C. Credo, III, Metairie, for respondent.
BLANCHE, Justice.
On June 29, 1983, a one pound package prepared for shipment was deposited with Ernesto Lugo who was an employee of *626 Associated Forwarders, Inc. Associated was a shipping company located in the International Trade Building in New Orleans (Orleans Parish). The person shipping the package filled out an airway bill designating the shipper as one Dick Gozinya, 198 Needalay, Kenner, Louisiana 70330. The air bill was signed by Seymour Buts and a check in the amount of $54.00 was given by the defendant in payment of the shipping charges. The item was to be shipped to Bill Doyle, Villa Elizabeth, Rue Margurite, Mundeliea La Natonle, France 06210.
This parcel was accepted by the agent, Lugo, who put it in an envelope to be sent to DHL Worldwide Courier Service for whom Associated is an agent. Lugo then placed the envelope in a mailbag which was in turn transported for final packaging to the DHL offices located at the airport in Kenner (Jefferson Parish).
Testimony revealed that if the package appeared to contain any matter other than documents, or if they were unable to discern from a cursory inspection what was contained in a package, other than documents, then their standard operating procedure was to inspect the contents of the package so as to ascertain if it met custom regulations of the receiving country. When the envelope containing the package bound for France was received by DHL, its employee, Brian Manchester, inspected the exterior of the package and felt a suspicious lump which he thought did not feel like paper or documents. Following DHL's standard operating procedure so as to satisfy himself that the package met custom regulations for articles other than documents, Manchester, in the presence of the Station Manager, Joseph Schoenbaechler, opened the envelope and the package within. There, he found a plastic audio cassette holder which did not house a cassette tape but contained a plastic bag with a white powdery substance inside. Presuming the substance to be narcotics, Schoenbaechler contacted the local Drug Enforcement Agency Office. The DEA directed Mr. Schoenbaechler to lock up the envelope and they would send someone out to investigate the next day. The DEA in turn notified the Kenner Police Department and Detective Henry Richardson went to the DHL facility to inspect. A field test analysis revealed the substance to be cocaine.
According to Richardson, the envelope also contained the airway bill and a check drawn on the Bank of New Orleans in the amount of $54.00, dated June 29, 1983, payable to the order of DHL, signed by S.R. Gentry and contained the following imprinted identification: Samuel Gentry, Lic. 1800463, Ph. 895-0453, 4330 Annunciation Street, New Orleans, Louisiana 70115.
A bill of information was filed by the Jefferson Parish District Attorney's office charging the defendant, Samuel Gentry, with distribution of cocaine, a violation of La.R.S. 40:967(A)[1]. A pre-trial motion to suppress, and a motion to quash were heard and ultimately denied by the trial court. The appellate court affirmed that decision.
The applicant filed for writs of certiorari, prohibition and mandamus with this Court and we granted to review the lower court's denial of the motion to quash the jurisdiction and the motion to suppress the evidence obtained and the identification of the defendant. 457 So.2d 1185 (La.1984).

Motion to Suppress Defendant's Identification
The defendant contends that the district court erred by finding his identification admissible as evidence of the person who gave the package to Mr. Lugo for shipment. Gentry bolsters this argument by referring to testimony given by Mr. Lugo in which Lugo stated that he was able to identify Mr. Gentry as a customer but unable *627 to positively link the defendant with the package containing the contraband.
In other words, the defendant wants his identification suppressed because he was never positively identified as the person who brought the package to Mr. Lugo for delivery. This is a factual determination for the jury and not a ground to suppress the identification. Gentry is merely claiming that he cannot be connected with the crime.
The fact of the matter is that a motion to suppress is the improper procedural vehicle. The validity of the identification is not at issue. It is not a question that there was misidentification. The question is whether he can be brought to trial in the absence of a positive identification that connects him with delivery of the package. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La.1982); State v. Robertson, 421 So.2d 843 (La.1982). Evidence or lack thereof is an issue for trial and is not required to sustain a bill of information. Probable cause sustains a bill of information and can be properly challenged, in criminal matters, in a preliminary examination. The issue of identification presented by the defendant here is one of sufficiency of evidence which is to be established at a trial on the merits and not on a motion to suppress.
Therefore, it is this Court's conclusion that the trial court did not err in denying defendant's motion to suppress his identification.

Motion to Quash for Improper Venue
The defendant argues that the State is unable to prove he committed a crime in Jefferson Parish, therefore Jefferson is a place of improper venue. He contends that none of the alleged elements of the crime were committed in Jefferson Parish. The State on the other hand maintains that the distribution of the drug should be viewed as a continuous crime and that it is not complete until delivery has been made.
The defendant alleges that the State has not proven it was Gentry who deposited the package with Associated. La.Code of Criminal Procedure Art. 611 provides:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in which any such act or element occurred.
La.Code of Criminal Procedure Art. 615 provides:
Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the State on the trial shall have the burden of proving proper venue beyond a reasonable doubt.
"If an offense is continuing in the sense that part of the offense is committed in one parish and another part in another parish, it falls within the scope of this article." La.Code Crim.Proc. Art. 611, comment (d). This comment is referring particularly to the second sentence of Art. 611 whereby action against the defendant can be brought in any parish where it has been determined that the elements of the crime were committed.
The court of appeal was correct in their conclusion that the transfer of possession or control, i.e. distribution, is not limited to an actual physical transfer between the culpable parties. State v. Lewis, 328 So.2d 75 (La.1976). Rather, distribution may be accomplished by the imposition of a third party.
In the instant case, the defendant delivered a controlled dangerous substance through the help of the third party, Associated. They in turn transferred the package for Gentry to DHL within Jefferson Parish. The trial court could reasonably conclude that the delivery to and the presence of the cocaine in Jefferson Parish *628 constituted a "continuing crime", thus Jefferson had venue. LSA-CCrP Article 611.
Jurisprudence has held that although venue must be proved by the State to the trier of fact beyond a reasonable doubt, on a pre-trial motion the trial judge is not required to find that the crime was committed by this evidentiary standard, but only that venue is proper by a preponderance of the evidence. State v. Frank, 355 So.2d 912 (La.1978).
Here, the State has satisfied its burden in proving venue in this pre-trial motion by a preponderance of the evidence. It is logical to conclude that a person is still committing and carrying out the act and intent of distribution, when he deposits contraband with a courier for transport overseas. It is impractical and legally unsound to limit the State's prosecution only to the two geographic points of shipment and arrival. The fact that the courier is or is not aware that his actions are aiding criminal activity does not exculpate the distributor. His intent to distribute the illegal material is still developing and his guilt is not neutralized simply because he is not in physical possession of the drugs. Thus the crime is a continuous one and is not complete until the drugs reach their final destination. If the package is intercepted and inspected and drugs are discovered, it is also logical to conclude that jurisdiction or venue is proper for this continuing crime at the point of interception. U.S. v. Brunty, 701 F.2d 1375 (11th Cir.1983); U.S. v. Davis, 666 F.2d 195 (5th Cir.1982); U.S. v. Godwin, 546 F.2d 145 (5th Cir.1977); U.S. v. Barnard, 490 F.2d 907 (9th Cir.1973); U.S. v. Jackson, 482 F.2d 1167 (10th Cir.1973), cert. denied, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 222 (1974).
The activities in the above cited cases all involved importation of a narcotic drug. In the present case we have exportation. This is simply a distinction without a difference. Under the reasoning of these federal cases, the alleged distribution of cocaine by Gentry from New Orleans to France was a continuing offense that would not be completed until it reached its final destination in France. Thus venue would be proper in this case in Orleans Parish, where it was placed for delivery, and in Jefferson Parish, a distribution point along the way to its place of final destination.

Motion to Suppress the Evidence
The defendant relies on La. Const. Art. 1, § 5[2] to support his position that warrantless searches are allowable only in four instances.
1. Searches pursuant to a standard inventory search.
2. Searches incident to a lawful arrest.
3. Consensual searches.
4. Searches undertaken under exigent circumstances.
The fourth amendment of the U.S. Constitution[3] also protects against unreasonable searches and seizures. This amendment has long been interpreted to protect individuals from unreasonable governmental actions. Its primary purpose is to restrain governmental authorities. It was not intended to protect against private trespasses. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); U.S. v. De La Fuente, 548 F.2d 528 (5th Cir.1977); U.S. v. Jacobsen, ___ U.S. ___, 104 S.Ct. 1652, 80 L.Ed. 85 (1984). Hence, *629 the "search" in this case conducted by the employees of DHL was not subject to the limitations of the Fourth Amendment because they were not governmental agents or employees. Nor can it be said that in the particular case that the protections of the Louisiana Constitution were violated. The facts show conclusively that the initial search of the package was reasonable. In the first place, prior to sending the package, Gentry signed an airway bill furnished by DHL. On the front of that bill, in a visible black square just below the shipper's signature line, the following informative language was printed: "All incident transportation services provided hereunder are subject to the terms and conditions of carriage printed on the reverse side of this airway bill."
On the back of this bill of lading, the first sentence of paragraph 6 provided:
"DHL reserves the right to inspect the documents and parcels consigned by its customers to insure that all documents are capable of carriage to the State or Country or destination(s) within the standard operating procedures, custom procedures and handling methods of DHL."
According to Mr. Schoenbaechler, objects other than documents require much more paper work by DHL to satisfy French customs regulations. DHL employees in Kenner became alarmed when they handled the package, felt a hard object, and, in their experienced opinion, thought that the package contained something other than paper. It was therefore reasonable for them to open the package, ultimately exposing the drugs to view.
As for any subsequent Fourth Amendment violations by the Kenner Police, in this particular case and under these particular facts, we agree with the holding of the court of appeal. Once the private search by the DHL employees revealed the cocaine, the airway bill and Mr. Gentry's personal check, the subsequent search by the police did not violate any legitimate expectation of privacy that would trigger a violation of the Fourth Amendment. U.S. v. Jacobsen, supra; State v. Gentry, 450 So.2d 773 (La.App. 5th Cir.1984).

Continuances
The defendant argues that the judge was in error in allowing the State twice to continue his pretrial motions.
The granting or not of a continuance is within the sound discretion of the trial judge. State v. Long, 408 So.2d 1221, 1225 (La.1982); State v. Barrios, 425 So.2d 980, 983 (La.App. 5th Cir.1983).
The record does not show that Gentry indicated any objection to the continuance. Nor does he now claim any prejudice resulting from the delay. Therefore, since he has shown no abuse of discretion or prejudice, this assignment of error is without merit.

Conclusion
Neither the trial judge nor the court of appeal were clearly wrong in failing to grant the motion to quash for improper venue or in refusing to suppress the identification of the defendant or the evidence seized. This case should be remanded to the district court for trial on the merits.
REMANDED.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I subscribe to the majority's finding that the transfer of possession or control, i.e., distribution, is not limited to an actual physical transfer by the defendant personally, and that, as a consequence, distribution in this case, as alleged, was accomplished by the imposition of a third party in Jefferson Parish at a point of transhipment (distribution). I am not certain, and it is unnecessary in this case to decide, or suggest, as the majority apparently does, that the state's prosecution from the standpoint of venue should not be limited to the two geographic points of shipment and arrival. If a courier takes the defendant's drugs in New Orleans and carries them by car for *630 delivery, or distribution, in Miami, I am not at all convinced that distribution has taken place in the states other than Louisiana and Florida through which the courier, or defendant's agent, has passed. For these reasons I respectfully concur.
NOTES
[1] § 967. Prohibited actsSchedule II; penalties

A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
[2] La. Const. Art. 1,

Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
[3] U.S. Const. Amendment IV:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.