This is a juvenile dependency and custody case.
The children in these consolidated appeals were removed from their home by the Lee County Department of Pensions and Security on March 21, 1984. On March 22, the Department filed a petition in the District Court of Lee County, Juvenile Division, alleging that the children were without proper care and supervision. The Department asked the court to grant it temporary custody. The immediate situation that prompted removal of the children and the filing of the Department's petition was that the children had been left alone and unsupervised for hours (without any knowledge of their parents' whereabouts), in a home that was so filthy that it presented a health and safety hazard to the children. While this event precipitated the Department's custody petition, the family had been involved with the Department for over four years. Repeated anonymous complaints of child abuse and neglect had prompted close involvement by the Department.
The record reflects repeated attempts at counseling of the mother, her children and her second husband (the boys' stepfather). Apparently, the incident on March 21 was "the straw that broke the camel's back," for the Department, which found that despite four years of work with the family, the children were still being improperly cared for.
On March 23, 1984, a hearing on the petition was held. Present at the hearing were the mother, the stepfather, the children's natural father, the attorneys for the mother and stepfather, the guardian ad litem for the children, the attorney for the Department, and two social workers for the Department (one of whom was the social worker who initially sought that the children be removed). *Page 453 
After explaining the proceedings to the parties and listening to the testimony, the court found that both of the children were dependent and in need of supervision. The court granted temporary custody of the children to the Department. The court then ordered the mother and stepfather to "begin immediately family counseling sessions" and directed the Department "to submit written reports to the court concerning the progress" of the mother and stepfather.
In April 1984 the case was set for a review hearing. After several continuances, the review was eventually held on May 16, 1984. Present at that hearing were the mother and stepfather, the natural father, the paternal grandparents, the attorney for the mother and stepfather, the attorney for the Department, and another social worker for the Department. The court again heard testimony and further defined the visitation rights of the mother and stepfather. The court also reaffirmed its directive that the family seek counseling.
On August 6, 1984, the mother filed a motion to return the children to her home. Following the receipt of testimony at a hearing held on August 17, 1984, the court declined to return the children to the home. The court ordered that "the temporary care custody and control of said children remain with the Lee County Department of Pensions and Security until further orders of the Court."
On August 22, 1984, the attorney for the mother filed a motion to vacate the August 17 judgment and return full custody to the mother, or, in the alternative, to vacate the August 17 judgment and grant a new trial on the issue of custody. The primary grounds urged were that an "Updated Court Summary" of the family's case history admitted into evidence by the court at the August 17 hearing should have been excluded as hearsay, and that the court improperly considered it over objection. The court set a hearing on this motion for August 31, 1984.
At that hearing, which began on August 31 and continued on September 5, the court reiterated its March 23 adjudication that the children were dependent. The court removed custody from the Department and placed the children in the temporary custody of their paternal grandparents. At this hearing, another, more lengthy "Updated Court Summary" was allowed into evidence despite objections by the mother's attorney. Testimony was also taken from eleven witnesses, including the mother, stepfather, children, natural father and DPS representatives. Following its consideration of the evidence, the trial court denied the mother's motion for a new trial. From that order, the mother appeals.
The mother essentially alleges three grounds of error on appeal. She contends that the second "Updated Court Summary" prepared by the Department should have been excluded from the August 31-September 5 hearing. She also contends that the court erred in admitting the second "Updated Court Summary" on the grounds that it was first presented to her at the beginning of the August 31-September 5 hearing. The mother also urges that the trial court committed error by refusing to require disclosure of the child abuse and neglect informants.
We note at the outset of our analysis that if the hearing held on August 31-September 5 was a dispositional hearing under § 12-15-65, Code of Alabama 1975, "all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court." § 12-15-65 (f), Code of Alabama 1975. Indeed, after petitions seeking to have children declared dependent have been filed, the court can direct that a predisposition study and report to the court be made by the Department. § 12-15-69 (a), Code 1975. This court has previously held that social workers' reports are admissible at dispositional hearings if the author of the report is in court and available for examination as to the content and source of the materials in the report. Kelleyv. State Department of Pensions and Security, 366 So.2d 736
(Ala.Civ.App. 1979). The author of the second "Updated *Page 454 
Court Summary" in this case was in court and was cross-examined at length by the attorney for the mother. However, there are questions raised here with the admission of the second "Updated Court Summary." That summary was not presented to the mother's attorney until the hearing. Kelley allowed the admission of a social worker's reports at a dispositional hearing because the author of the reports was in court and the reports were prepared in advance and copies provided to all parties for examination. Also, preparation of a summary of the reports of several case workers is not the report of the person presenting it for the purposes of cross-examination.
If we were to determine that the August 31-September 5 hearing was one on the merits of the children's dependency, the admission of the second "Updated Court Summary" under the circumstances here would constitute serious error, perhaps warranting reversal. We cannot, however, agree with the mother's contention that the August 31-September 5 hearing was a hearing on the merits of the petition filed by the Department that sought to have the children declared dependent. That the children were dependent was clearly adjudicated at the March 23, 1984 72-hour hearing. The statutes do not, as the mother alleges, prevent the 72-hour hearing and the hearing on the merits from being held on the same day. See §§ 12-15-50 to 76, Code of Alabama 1975. The Alabama Rules of Juvenile Procedure specifically state that "at any hearing other than to transfer to another court, the court may handle all matters at one time or in phases." Rule 25 (A), A.R.J.P. Rule 23 (A), A.R.J.P. mandates that "all adjudicatory hearings shall be scheduled for the earliest practicable date. . . ." What the court must do if it holds multiple phases of the hearing process at the same time is to be aware of the different evidentiary standards. The 72-hour and dispositional hearings allow "all relevant and material evidence" to be considered. § 12-15-65 (f), Code of Alabama 1975. The hearing on the merits of the petition "shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury. . . ." Rule 25 (A), A.R.J.P.
We find that the issue of dependency was adjudicated on March 23, 1984. Hearings thereafter, such as the requested hearing on motion for new trial of the "issue of custody" are by definition ones of disposition. The mother bases her contention that the August 31-September 5 hearing was one on the merits of dependency upon the following exchange during that hearing:
 "JUDGE BAKER: Then that's what we're here for. . . . According to his argument, that's why we're here. So let's proceed and hear it all.
 "MR. MARTIN: OK. So, this is the hearing on the merits of the petition itself.
 "JUDGE BAKER: That's right. That's what you asked for is a new trial. So . . . OK.
"MR. MARTIN: Alright.
"JUDGE BAKER: Alright sir, yes sir."
This exchange occurred after repeated attempts by the mother's attorney to specify what type hearing was being held. In view of a finding of dependency at the initial hearing on March 23, we conclude that issue was not subject to a new trial. Thus we find that the August 31-September 5 hearing was on the merits of the mother's motion for a new trial on the issue of the mother's request for custody. That issue was one of disposition after a finding of dependency. § 12-15-71 (a)(1), Code 1975.
Though we find the hearing of August 31-September 5 to have been a dispositional one, we agree with counsel that our opinion in Kelley raises a question as to the admission into evidence of the "Updated Court Summary." We consider the question not to be the general admissibility of the summary, but only its admissibility without notice and opportunity to prepare for examination and cross-examination of those who contributed to its contents. We said in Kelley that such opportunity was necessary to its admissibility. Our examination of the record shows that upon the *Page 455 
objection to its introduction on the ground of lack of prior notice and opportunity to study it, the court offered counsel for the mother a continuance of up to three weeks to study the summary and prepare an attack upon its credibility. In fact, the hearing was carried over from its admission on August 31 to September 5. There appears no effort in the interim by counsel to seek appearance of any of those caseworkers who contributed to its contents. The record shows long and detailed cross-examination of the DPS caseworker who prepared the summary. In view of these facts, we find neither error nor injury to the mother in its admission. (Section 12-15-65 (f), which requires that reports such as these "shall" be made available to counsel for examination, and the directions ofKelley were sufficiently complied with by the opportunity of time to study given by the court.)
We also find that there was substantial testimony from among the eleven witnesses heard at the August 31-September 5 hearing from which the court could have concluded as it did without consideration of the summary. Rule 45, A.R.A.P. Ford v. Scott,462 So.2d 362 (Ala. 1985).
The mother also contends error in the ruling of the trial court which denied to her counsel the identity of informants who instigated DPS investigations as to abuse and/or neglect of the children. Such refusal was contrary to the provisions of §26-14-8 (b)(8), Code 1975. That section comes under Chapter 14, which provides for the reporting of child abuse and neglect of children to certain authorities. It provides that what are otherwise confidential reports are permitted to be used by an attorney in representing a child or its parent. We consider it equally applicable to child dependency cases because it represents nothing more than due process when it is relevant information in the adjudicatory phase of the proceedings. However, the relevancy of the name of an informant to DPS of events occurring prior to the bringing of the petition alleging dependency is of serious question. In this case there was presented no reason for the demand or offer to show relevancy. Therefore, we are unable to discern prejudicial effect of the court's ruling, though made in error. We do not find it reversible error in this case. Rule 45, A.R.A.P.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.