508 So.2d 608 (1987)
STATE of Louisiana, Appellee,
v.
Kenneth MORRIS, Appellant.
No. 18689-KA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
Rehearing Denied July 9, 1987.
*609 Hamilton & Carroll by Orlando N. Hamilton, Oak Grove, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., John M. Lancaster, Asst. Dist. Atty., Oak Grove, for appellee.
Before JASPER E. JONES, FRED W. JONES, JR. and LINDSAY, JJ.
PER CURIAM.
Defendant, Kenneth Morris, was charged by bill of information with distribution of marijuana in violation of LSA-R.S. 40:966. Pursuant to a plea bargain, defendant pled guilty to attempted distribution of marijuana, in violation of LSA-R.S. 40:966 and LSA-R.S. 14:27, reserving his right to appeal the denial of his motion to quash the indictment for lack of jurisdiction and venue pursuant to State v. Crosby, 338 So.2d 584 (La.1976). As part of the plea bargain, the state agreed to nolle prosequi a separate charge of possession of marijuana and that defendant would receive a five year sentence on the attempted distribution charge, imposition of which would be suspended with defendant being placed on probation for five years with the condition that he serve six months in the parish jail. See LSA-C.Cr.P. art 893(E). The trial judge imposed sentence pursuant to the terms of the plea bargain.
On December 4, 1984 Sergeant James R. Cannon of the Louisiana State Police was informed of a possible pending narcotics sale in the Kilbourne area of West Carroll Parish. Sergeant Cannon, Trooper Marion Bankston and an individual named Chris Tarver proceeded to Kilbourne in Cannon's truck at about 11:00 p.m. on December 4 and parked in front of a hardware store. At about 1:00 a.m. on December 5, a blue Pontiac Grand Prix, driven by defendant pulled up beside Cannon's truck. Danny Williams and Larry Ragan were passengers in the Pontiac driven by defendant.
According to Cannon, defendant inquired if Chris Tarver was present and Cannon inquired about the marijuana which was supposedly being transported. Defendant advised Cannon the dope was stashed up the road, just inside the Arkansas line. Cannon and Williams then departed in Cannon's *610 truck to retrieve the dope, leaving the others in front of the hardware store. Cannon and Williams traveled to the Kilbourne Cemetery where they met Trooper Fragala, an undercover agent, who exhibited $18,000.00 in cash to Williams. Cannon and Williams then returned to the hardware store and informed defendant and Ragan the money was $2,000.00 short. Ragan advised Williams to withhold two pounds of the marijuana away from the previously agreed upon twenty pounds to offset the shortage of money. Cannon and Williams proceeded to a location just inside the Arkansas line where Williams retrieved twenty pounds of marijuana from a ditch and loaded it in Cannon's truck. Williams removed two pounds of the marijuana from the mass and placed it in a sack as these two pounds were to be excluded from the sale. Cannon and Williams returned to the Kilbourne Cemetery where Fragala was holding the money. Upon arriving at the cemetery, the officers identified themselves and arrested Williams. Defendant, Ragan and Tarver were subsequently arrested in front of the hardware store by other officers of the surveillance team. After being advised of his Miranda rights, defendant stated he was paid $300.00 to transport Williams, Ragan and the dope to Kilbourne.
Defendant filed a pre-trial motion to quash the indictment alleging the trial court lacked jurisdiction over him because the offense was committed in Arkansas. The trial court denied the motion to quash.
Defendant contends the trial court erred in denying his motion to quash because no crime was committed in Louisiana. He argues he picked up Ragan and Williams and twenty pounds of marijuana in Pine Bluff, Arkansas on December 4, 1984 and drove to a location just above the Louisiana line where the marijuana was stashed in Arkansas. Defendant contends he did not touch the marijuana in the State of Louisiana and the distribution occurred in Arkansas where Williams loaded it in Cannon's truck. He argues no money was exchanged at the Kilbourne Cemetery because Williams was arrested before he was given the money. Defendant contends these facts establish that no crime was committed by anyone in Louisiana and he, therefore, could not be prosecuted in Louisiana as a principal.
LSA-C.Cr.P. art. 611 provides:
"All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in which any such act or element occurred."
Comment (d) under Article 611 provides that if an offense is continuing in the sense that part of the offense is committed in one parish and another part in another parish, it falls within the scope of Article 611. This comment is referring particularly to the second sentence of Article 611 whereby action against the defendant can be brought in any parish where it has been determined that the elements of the crime were committed. State v. Gentry, 462 So.2d 624 (La.1985).
LSA-C.Cr.P. art. 615 provides:
"Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt."
Jurisprudence has held that although venue must be proved by the state to the trier of fact beyond a reasonable doubt, on a pre-trial motion the trial judge is only required to find that venue is proper by a preponderance of the evidence. State v. Frank, 355 So.2d 912 (La.1978); State v. Gentry, supra.
The crime of distribution is the knowing or intentional distribution of a controlled dangerous substance. LSA-R.S. 40:966(A)(1). Distribution is defined as "delivery" or "physical transfer." In addition to delivery, the state must show the defendant must have known or had "guilty knowledge" of the controlled dangerous substance when he transferred it. State v. *611 Cann, 494 So.2d 1263 (La.App. 2d Cir. 1986); State v. Knight, 298 So.2d 726 (La. 1974).
To prove the crime of attempt, the prosecutor must show the defendant had the specific intent to commit a crime and that he did an act for the purpose of or tending directly toward the accomplishment of his object. LSA-R.S. 14:27; State v. Charles, 450 So.2d 1287 (La.1984); State v. Hunter, 454 So.2d 131 (La.App. 2d Cir.1984), writ den., 456 So.2d 1018 (La.1984).
LSA-R.S. 14:24 defines principals as all persons concerned in the commission of the crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime.
Under R.S. 14:24, however, not all principals are guilty of the same grade of offense. One who aids and abets in the commission of a crime may be charged and convicted of a higher or lower degree of the crime, depending upon the mental element proved at trial. State v. McAllister, 366 So.2d 1340 (La.1978); State v. Holmes, 388 So.2d 722 (La.1980). Thus, an individual may only be convicted as a principal for those crimes for which he has the requisite mental state. State v. Holmes, supra.
In the instant case, the state has carried its burden of proving venue in defendant's pre-trial motion to quash by a preponderance of the evidence.
Defendant, Williams and Ragan drove to Kilbourne seeking a buyer for twenty pounds of marijuana. Defendant informed Cannon the marijuana was stashed up the road, just inside the Arkansas line. Cannon and Williams retrieved the marijuana from Arkansas and brought it back to Kilbourne where the parties agreed to exchange the money.
We conclude defendant's conduct in seeking a buyer for marijuana in Kilbourne established defendant had the specific intent to distribute marijuana and constituted an act tending directly toward the accomplishing of his object. In addition, we conclude an element of the offense was committed in West Carroll Parish when Cannon and Williams returned to the cemetery with the marijuana where Williams expected to consummate the sale by collecting the purchase price. The crime was a continuous one, although the marijuana was placed upon Cannon's truck in Arkansas. The transaction would not have been complete until the money was transferred at the Kilbourne cemetery. State v. Gentry, supra. Williams was still in the process of distributing the marijuana when he was arrested at the cemetery. Defendant and Williams shared the specific intent to distribute the marijuana and defendant, therefore, is considered a principal in the commission of the offense under LSA-R.S. 14:27. State v. Holmes, supra. The trial judge committed no error in denying defendant's motion to quash as an element of the offense to which defendant pled guilty was committed in West Carroll Parish.
For the foregoing reasons, defendant's conviction is affirmed.
AFFIRMED.