JASPER E. JONES, Judge.
The defendants, Kenneth C. Black and Ricky L. Lyons, were charged by bill of information with the crime of possession of a controlled dangerous substance, marijuana, with intent to distribute, a violation of LSA-R.S. 40:966. Pursuant to plea negotiations, the defendants pled guilty to attempted possession of a controlled dangerous substance, marijuana, with intent to distribute. Each defendant received a sentence of three years at hard labor and was fined $2,500 or an additional year at hard labor in default of payment of the fine. The defendants now appeal their convictions and sentences. We affirm.
This is an appeal from the entry of guilty pleas by the defendants. The defendants urge excessiveness of the sentence imposed and further contend for the first time during the course of these proceedings the trial court lacked jurisdiction. An unqualified plea of guilty waives all nonjurisdictional defects occurring prior thereto. A plea of guilty does not preclude review on appeal of jurisdictional defects such as the lack of jurisdiction of the sentencing court. State v. Crosby, 338 So.2d 584 (La.1976); LSA-C.Cr.P. art. 362(1).
FACTS
On August 28,1987, the defendants were operating a tractor-trailer rig eastbound along 1-20. The defendants were stopped in Lincoln Parish by State Trooper Joe Alexander who found no bills of lading for the cargo on the back of the trailer. Trooper Alexander instructed the defendants to follow him to the 103 Truck Stop located in Ouachita Parish where the defendants attempted to contact the truck firm office by phone to locate the missing bills of lading.
While the truck was located at 103 Truck Stop in Ouachita Parish the trooper sought and obtained consent from defendant Ricky Lyons to search the truck. His search revealed the defendants were in possession of eighteen pounds of marijuana.
The defendants were placed under arrest and charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966(A)(1). The defendants pled guilty to attempted possession of marijuana with intent to distribute. Under LSA-R.S. 40:966(B)(2), the applicable penalty provision for possession of marijuana *168 with intent to distribute at the time these defendants committed the offense subjected the defendants to a term of imprisonment at hard labor for not more than ten years and/or to pay a fine of not more than $15,000.00.[1] Under LSA-R.S. 14:27,[2] a conviction of attempt of LSA-R.S. 40:966(A)(1) as then written subjected the defendant to a maximum penalty of five years imprisonment at hard labor and/or a maximum fine of $7,500.00. Each defendant herein received a sentence of three years at hard labor without benefit of probation or suspension of sentence in addition to a $2,500.00 fine or additional year in jail if in default of payment of the fine.
ISSUES PRESENTED
The defendants now appeal their convictions and sentences, contending:
(1) The convictions and sentences of the defendant are illegal because the trial court lacked jurisdiction;
(2) The trial court failed to adequately consider the sentencing guidelines of LSA-C.Cr.P. art. 894.1;
(4) The sentences imposed are unconstitutionally excessive.

Assignment of Error #1

The defendants argue Ouachita Parish is a place of improper venue. The defendants contend the trial court lacked jurisdiction over them because the defendants were essentially under arrest in Lincoln Parish and none of the elements of the offense were committed in Ouachita Parish.
The Louisiana Constitution, Article 1, Section 16, provides that:
“Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law ...” [emphasis added]
LSA-C.Cr.P. art. 611 provides:
Art. 611. Venue; trial where offense committed
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred, [emphasis added]
Review of the record reflects all elements of the crime were committed in Oua-chita Parish. Prior to entering their guilty pleas, the defendants acknowledged the crime was a joint venture from which they hoped to profit upon their resale of the illegal drug. These defendants were in possession of the marijuana in Ouachita Parish. Notwithstanding Trooper Alexander’s directive to drive into Ouachita Parish for inspection of documents, these defendants continued concealment of the illegal cargo which was only discovered after Trooper Alexander conducted a consent search in Ouachita Parish. By their contin *169 ued concealment of the marijuana, these defendants retained the requisite specific intent to commit the crime of distribution of marijuana and their actions tended directly towards the accomplishment of this object. LSA-R.S. 14:27; State v. Morris, 508 So.2d 608 (La.App. 2d Cir.1987) and citations therein. Venue was proper in the district court in Ouachita Parish and the trial court had jurisdiction over the prosecution of the offense.
This assignment of error is without merit.

Assignment of Error #2

The defendants contend the trial court failed to adequately articulate reasons for sentencing in compliance with LSA-C.Cr.P. art. 894.1.
The record must reflect the trial judge complied with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Hammonds, 484 So.2d 452 (La. App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983). The articulation of the factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. State v. Láñe-los, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record) prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
The record reflects the trial court considered both mitigating and aggravating circumstances in the determination of sentence. The trial court reviewed the following information concerning these defendants. Thirty-eight-year old Kenneth Black has a ninth grade education and served in the United States Navy from which he was honorably discharged. Black is divorced and has a child by the marriage who presently resides with the defendant’s ex-wife. Defense counsel urges in brief the presentence investigation relied upon by the trial court was inaccurate because it does not reflect Black’s present girlfriend is pregnant nor does it state that Black pays $20 per month in child support. The record reflects defense counsel did not bring this information to the attention of the trial court by a contemporaneous objection at the time of sentencing. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurence. LSA-C.Cr.P. art. 841.
Ricky Lyons is a high school graduate with a history of steady employment. Lyons is separated from his wife and a child by the marriage lives with the defendant’s parents. The trial court noted both Black and Lyons are first felony offenders.
As an aggravating circumstance, the trial court noted the large quantity of marijuana involved. Further, the trial court stated consideration of the potential harm to the community from the sale of the drug, particularly to young persons. The trial court observed lesser sentences would deprecate the seriousness of their crime.
We conclude the record supports the conclusion that the trial court particularized the sentence to each defendant.
This contention is without merit.

Assignment of Error #3

The defendant’s complain the sentence imposed is constitutionally excessive.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ den., 435 So.2d 433 (La.1983). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive *170 absent a manifest abuse of discretion. State v. Hammonds, supra. A plea bargain which brings about substantial benefits to the defendant is a legitimate consideration in sentencing. State v. Winzer, 466 So.2d 817 (La.App. 2d Cir.1985).
We find no abuse of the trial court’s discretion in the imposition of sentence. The defendants benefitted considerably from the plea bargain. As previously noted, the applicable penalty for possession of marijuana with intent to distribute at the time these defendants committed the offense was a maximum of ten years at hard labor with a $15,000.00 fine. By entering a plea of guilty to attempted possession of marijuana with intent to distribute, the defendants reduced their exposure to a maximum of five years at hard labor with a $7,500.00 fine. These defendants received a sentence of three years at hard labor and a $2,500.00 fine, well below the maximum penalty.
We further find no error in the imposition of these sentences without benefit of probation or suspension of sentence. The trial court is not required to render a suspended sentence or probation on a first felony offense. The trial court may consider whatever factors and evidence he deems important to the determination of the best interests of the public and the defendant. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), and citations therein. We find no abuse of the trial court’s discretion in the imposition of sentence.
This assignment of error is without merit.
CONCLUSION
For the reasons expressed, the defendants’ sentences are affirmed.
AFFIRMED.
ON APPLICATION FOR REHEARING
Before HALL, JASPER E. JONES, NORRIS, MARVIN and LINDSAY, JJ.
Rehearing denied.

. LSA-R.S. 40:966(B)(2) was amended by Act 850 of the 1987 Regular Session of the Louisiana Legislature. The penalty for possession of marijuana with intent to distribute is now a term of imprisonment at hard labor of not less than five years nor more than thirty years and a fine of not more than fifteen thousand dollars. The enactment was effective September 1, 1987 but is inapplicable to these defendants as their crimes occurred on August 28, 1987, prior to the effective date of the amendment.

. LSA-R.S. 14:27 provides In pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
[[Image here]]
D. Whoever attempts to commit any crime shall be punished as follows:
[[Image here]]
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.