RUSSELL, Judge.
This case involves a petition for a writ of mandamus.
On January 27,1989, the Calhoun County Department of Human Resources (DHR) filed a petition alleging the dependency of Elizabeth Smith and seeking temporary custody, which was granted by the trial court. Subsequently, a hearing was held regarding the trial court’s ex parte order, at which time the parties agreed that temporary custody of the minor child would remain with DHR.
On April 6, and July 11, 1989, the petitioner filed requests for production, seeking an inspection of certain documents. DHR responded by filing a motion for protective order, alleging that the requested information was confidential and protected from disclosure. Following a hearing on this motion, the trial court conducted an in camera reviejv of the material sought and ordered DHR to make available certain statements and medical records. DHR complied; however, certain portions of the produced documents were either obliterated or deleted, leading the petitioner to file a motion to compel. The court then instructed the petitioner to file a more specific request. In response, DHR produced a second copy of the same documents, including some names and information not previously provided. On July 25, 1989, the trial court denied the petitioner’s request for production.
In determining if a writ should issue, this court must determine whether the trial court erred in partially granting the respondents’ motion for protective order. We find no error and, therefore, deny the petition for writ of mandamus.
Rule 26(b)(1), Alabama Rules of Civil Procedure, provides that, absent the existence of privilege, parties to an action may obtain discovery regarding any matter *1107 which is relevant and reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is clear that where the Alabama Rules of Juvenile Procedure are silent, the Rules of Civil Procedure are to be applied to the extent that they are not inconsistent.
The petitioner cites In the Matter of Lawler, 484 So.2d 451 (Ala.Civ.App.1985), for the proposition that § 26-14-8(b)(8), Ala.Code 1975 (1986 Repl.Vol.), permits the discovery of reports and records of child abuse and neglect by an attorney representing a parent in a dependency ease. However, in that opinion this court stated that such material is discoverable “when it is relevant information in the adjudicatory phase of the proceedings.” Id. at 455.
Here the trial judge, after conducting an in camera review of the material sought, found that it contained “no information which would be essential to the defense of this matter which has not been provided to the defense” and ordered only discovery of the names and information of those expected to testify at trial. Citing public policy considerations, he further stated:
“[T]o require the Calhoun County Department of Human Resources to release the names of informants who are not to be witnesses and whose information would not be essential to the defense of the case would serve to discourage not encourage the reporting of child abuse and thereby be counterproductive to the protection of our children.”
Finally, while this court has the authority to require a judge to exercise proper discretion, we cannot dictate the exercise of that discretion absent a showing of abuse. Ex parte Smith, 533 So.2d 533 (Ala.1988). Here we find no such abuse. Consequently, the petition for writ of mandamus is denied.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.