L. CHARLES WRIGHT, Retired Appellate Judge.
In November 1988 two and one-half year old J.T., upon petition of dependency by the Department of Human Resources, was removed from his father’s custody and placed in foster care. In December 1988 the Department of Human Resources (department) filed a petition for temporary legal custody of the child, alleging that the father and the mother (who were divorced) were not capable of caring for the child.
In January 1989 R.T. and M.T., the paternal grandfather and his wife, filed a custody petition with the department. The paternal grandmother and her husband filed a custody petition that same month. In April 1989 temporary legal custody of the child was placed with the department and physical custody with the paternal grandfather and his wife (paternal grandparents).
The father was killed in May 1989. Thereafter, the department directed its efforts toward reuniting the child with his natural mother.
In April 1990 the paternal grandparents petitioned the court to terminate the mother’s parental rights. Following oral proceedings, temporary legal custody was placed with the paternal grandparents. The court ordered that visitation with the mother was to continue and that the department was to continue to provide services for her. The court scheduled an administrative review, without the submission of live testimony, for September 1990.
The department submitted its report of the familial situation in September 1990. The report stated that the mother’s situation had improved. It also noted that the paternal grandparents and the mother were having problems with the visitation schedule.
In January 1991 the department advised the court that the visitation problems were continuing. The court set a hearing for the end of that month.
Following oral proceedings, the court ordered that temporary legal custody was to remain with the paternal grandparents. An administrative review was scheduled for six months.
A formal judicial review by the court was held on July 10, 1991. The court returned temporary legal custody to the department. Physical custody was to remain with the paternal grandparents. The department was ordered to evaluate the maternal grandparents' home for the possibility of placing the child in that home.
The home evaluation was completed and forwarded to the court in August 1991. On August 16, 1991 the court issued an order stating that it appeared that placement in the maternal grandparents' home on a trial basis would be in the best interests of the child. Temporary legal custody of the child was to remain with the department. A review of the situation was scheduled for November 1991.
The paternal grandparents moved the court to vacate its August 16, 1991 order on the grounds that the court had granted ex parte relief without allowing them the opportunity to be heard. Following oral proceedings, the court denied the motion. The paternal grandparents appeal.
The grandparents assert that the trial court erred by changing physical custody of the minor child without the benefit of a hearing and in reliance upon ex parte communications and a home evaluation received from the department. They contend that such actions deprived them of their right to due process and their opportunity to examine and controvert the written report and to cross-examine the individual who made the report.
*909 The judgment from which this appeal was taken is one of “disposition” entered after the prior adjudication of dependency. Gentry v. State Dep’t of Pensions & Sec., 462 So.2d 929 (Ala.Civ.App.1984). Section 12-15-65(f), Code 1975, pertaining to the conduct of dispositional hearings, provides the following:
“[A]ll relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though not competent in a hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports.” (emphasis added)
We have previously construed this provision to mean that notice and opportunity to prepare for examination and cross-examination of social workers who have prepared such reports are necessary to the admissibility of the report. Matter of Lawler, 484 So.2d 451 (Ala.Civ.App.1985); Kelley v. State Dep’t of Pensions & Sec., 366 So.2d 736 (Ala.Civ.App.1979).
In this case the trial court continued the July 10, 1991 dispositional hearing in order to give the department time to conduct the home study of the maternal grandparents. The court had the authority to do so under § 12 — 15—65(i). In accordance with § 12-15 — 65(i), the court determined that custody of the minor child would remain with the paternal grandparents for the duration of the continuance. After receiving the home study of the maternal grandparents, the court, without further hearing, determined that custody should be given to the maternal grandparents. This disposition by the trial court, without giving the paternal grandparents an opportunity to controvert the report’s content and to examine its author, was in error.
We have noted that the juvenile court has regularly reviewed this case for some three years. It has held several hearings and exercised much patience with the parents and multiple grandparents. We commend it for having done so. However, we are required by statute and case law to reverse and remand so that opportunity may be presented for a dispositional hearing.
The paternal grandparents’ request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.