BROWN, Judge.
On August 1, 1992, Arcadia Police Officers Pestell and Rogers arrested applicant, Charles D. West, and charged him with DWI, second offense [DWI (2d) ]. The officers had responded to a radio dispatch of a one-car accident. The state’s case included a witness, Bill Holmes, who saw West drive his truck through a stop sign and into the ditch. The arresting officers found West at the scene in a highly intoxicated condition. At trial West admitted driving the truck into the ditch, but claimed he then went home, drank some whiskey and beer and then returned to the scene where he was arrested. However, Holmes, whose house adjoins the accident scene, said the police officers arrived within three to five minutes after the accident. After a bench trial, which extended over a period of three months, the court found West guilty. The court imposed a sentence of 90 days in jail but suspended execution of sentence pending this writ application.
ASSIGNMENT NO. 1
West alleges the evidence was insufficient to support his conviction for DWI (2d). He argues there is an irreconcilable conflict in the testimony of the only witness, Bill Holmes, who said he saw West driving the truck. West claims Holmes said the red truck was blue. Holmes actually testified that although he thought the truck was blue, he wasn’t sure of the color. Holmes testified that he saw West drive the truck into the ditch and sit there until the police arrived.
The elements of DWI (2d) are that the defendant operated a motor vehicle, that he was operating it while under the influence, State v. Fontenot, 408 So.2d 919 (La.1982), and that he had a valid prior conviction for DWI, LSA-R.S. 14:98.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict by viewing that evidence in the light most favorable to the prosecution. When the evidence is thus viewed, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App.2d Cir.1988).
Officer George Pestell testified that on August 1, 1992, he was dispatched to a vehicle accident at Third and Pine Streets in the city of Arcadia. Officers Pestell and Rogers arrived at the scene at about the same time, but in separate squad cars. Pestell found a pickup truck in the ditch. West was sitting behind the steering wheel in the truck. West tried to restart the truck for several minutes then got out to “fool with something under the hood.” The truck was parallel to the ditch. West said he had been trying to turn the truck around and had gotten stuck. Pestell didn’t see any skid marks, so he accepted West’s statement that he had been driving and turning.
As West climbed out of the ditch he stumbled and almost fell twice. Pestell could smell an alcoholic odor on his breath. West was very unsteady on his feet. Pes-tell administered a field sobriety test. West was not able to stand with his feet together. He was unable to maintain his balance and became belligerent, at which point Pestell placed him under arrest for DWI. Pestell also noted that West’s speech was slurred, his sentences were not rational and his eyes were bloodshot.
*1387 Pestell testified that he had considered West so intoxicated that any further efforts to perform a field sobriety test could have resulted in harm by falling down. Pestell said it was normal for him to discontinue field sobriety tests when the subject “is too intoxicated to participate.”
West refused to take a test on the Intoxi-lyzer 5000 machine. He said he had drunk a fifth of “Everclear” at his mother’s house and had been going home when he went into the ditch.
Officer Rogers’ testimony supported that of Officer Pestell. Rogers said he had previously made about 60 arrests for DWI and, based on his observations, it was his opinion that West was “very intoxicated.” Deputy Gary Hill saw West at the jail. Hill believed West was intoxicated because West was staggering and was “more or less incoherent.”
Bill Holmes testified that he lives at the corner of Pine and Third, which is the intersection where West was arrested. Holmes said he was standing in his yard when he saw a truck run a stop sign and go into the ditch. He thought the truck was blue, but admitted that he had forgotten the color. When the driver of the truck got out of the vehicle, Holmes recognized him as the applicant, Charles West. Holmes identified West at trial. Holmes said that as soon as West got out of the truck it was clear that he had been drinking. Holmes saw nobody else in the truck. Holmes then went into his shop, which is next door to his house, and called the police and then returned to the scene.
This testimony is quite adequate to prove beyond a reasonable doubt that West was driving the vehicle at the time it went into the ditch. Holmes also said that the police arrived at the scene within five minutes. This contradicts West’s testimony that he went in the ditch sober, stood around for a few minutes to see if anyone would come by to help, went home, drank some Jack Daniels and beer and then returned to the truck. On cross-examination, West said ten to fifteen minutes elapsed between the time he went into the ditch and when the officers arrived.
Lela Griffin, court reporter, testified that on February 4, 1992, applicant entered a guilty plea to a charge of DWI, first offense [DWI (1st)]. The transcript of the plea was admitted into evidence without objection.
The evidence viewed in the light most favorable to the prosecution shows the state proved beyond a reasonable doubt that West operated a pickup truck, was under the influence and was a second DWI offender.
ASSIGNMENT NO. 2
West alleges the court erred in finding that the officers had probable cause to arrest him for DWI. The basis for this argument is that the police made the arrest based only on the facts that the truck was in the ditch and West appeared to be intoxicated; the police didn’t talk to the sole witness, Holmes, until a few days before trial.
Probable cause exists when the facts and circumstances,.known to the arresting officer and based on reasonable and trustworthy information, are sufficient to justify a person of average caution in the belief that the suspect has committed or is committing a crime. Probable cause for arrest is satisfied by a lesser standard than that required for conviction. State v. Downer, 460 So.2d 1184 (La.App.2d Cir.1984).
As noted above, prior to his arrest West admitted that he drove the truck into the ditch while trying to turn around. West was found in the truck at the scene. He smelled of alcohol, was unable to maintain his balance, stumbled and almost fell twice and became belligerent when asked to perform field sobriety tests. His eyes were bloodshot, his speech was slurred and he didn’t speak rationally. These factors appear to be classic signs of an intoxicated driver and gave the officers probable cause to arrest defendant for DWI.
ASSIGNMENT NO. 3
West alleges the court erred in using a prior guilty plea to DWI (1st) as *1388 evidence of guilt of DWI (2d). West argues that his prior plea, entered on April 4, 1992, was invalid because the trial court gave erroneous advice as to the possible sentence if later convicted of a second offense and that this improper advice induced applicant to waive the assistance of counsel.
The advice in dispute is the court’s statement that it usually imposed a 15-day jail term as a condition to a probated sentence for a second offense DWI. The transcript shows the trial court gave the advice as required by Boykin and that it properly informed West of the sentence for DWI (2d) which includes a 15-day jail term as part of a suspended sentence. LSA-R.S. 14:98(C).
Counsel has failed to show that this advice was incorrect or how it induced applicant to waive the assistance of counsel. On the showing made this assignment lacks a factual basis and is without merit.
This assignment also lacks merit because defense counsel did not object to the introduction of the transcript. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. Art. 841; State v. Jackson, 523 So.2d 251 (La.App.2d Cir.1988), writ denied, 530 So.2d 565 (La.1988).
ASSIGNMENT NO. 4
West alleges the court erred in granting a recess or motion for continuance. The trial began on September 30, 1992. Two witnesses testified and the trial was continued until November 4 without objection. On November 4, the court granted the state’s oral motion for continuance because a witness, Bill Holmes, was not able to attend court “because of the tornado which struck Arcadia” on the preceding day. Holmes works for the electric utility company and had been working all night to restore power. Applicant contends the state failed to comply with LSA-C.Cr.P. Arts. 707 and 708. He does not identify what prejudice occurred to him because of the continuance. He complained only that witnesses’ memories could dim with the passage of time. Yet, when trial reconvened, none of his witnesses were absent or had memory problems.
State v. Telford, 384 So.2d 347 (La.1980), held that the granting of a recess, like the granting of a continuance, is a matter within the sound discretion of the trial court, which will not be reversed on appeal in the absence of a showing of abuse of discretion. See also State v. Roberts, 569 So.2d 671 (La.App.2d Cir.1990).
In State v. Gentry, 462 So.2d 624 (La.1985), defendant argued that the trial judge erred in allowing the prosecution two continuances. The supreme court found this assignment of error to be without merit, noting that defendant did not establish any prejudice from the delays, nor did he show an abuse of the trial judge’s discretion. In the instant case, the state’s request for continuance was based on the unavailability of a key witness, whose absence was caused by an unexpected act of nature. Defendant has not made a showing of abuse of discretion, nor has he established that he was prejudiced by the delay. Therefore, this assignment lacks merit.
ASSIGNMENT NO. 5
Finally, West alleges the court erred in finding that he was on probation for DWI (1st) when sentenced for this conviction. The issue, however, is not relevant. The court stated that West was still on probation when the instant arrest occurred. This information was used only as a factor in determining an appropriate sentence. We note that West’s prior probation would have expired three days after the current charge. The sentence imposed in this case was within the trial court’s discretion and this assignment is not valid.